IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:22CR169 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **DEFENDANT'S BRIEF IN** |
| v. | ) | **SUPPORT OF MOTION TO** |
| | ) | **DISMISS** |
| RICKY E. BENNETT, | ) | |
| | ) | |
| Defendant. | ) | |

Defendant Bennett submits this brief in support of his motion to dismiss Count I of the indictment.

## LAW

The Federal Rules of Criminal Procedure provide that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed.R.Crim. 12(b)(1); *United States v. Church*, WL 4188030, at *2 (S.D. Iowa Feb. 4, 2020). Upon such a challenge, a court is typically bound to look no further than the four corners of the indictment. *See, United States v. Vitillo*, 490 F.3d 314, 320-321 (3rd Cir.2007). Resolution of this motion requires that the court do no more because Count I is facially defective and should be dismissed.

The Sixth Amendment to the Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be informed of the nature and cause of the accusation...." This Constitutional requirement is implemented by Rule 7(c)(1) of the Federal Rules of Criminal Procedure which specifies that "[t]he indictment ... must be a plain, concise, and definite written statement of the essential facts constituting the offense charged."

An indictment is sufficient if it: (1) contains the essential elements of the offenses charged; (2) fairly informs the defendant of the charges against which he must defend; and (3) enables the defendant to plead an acquittal or conviction in bar of future prosecution for the same offenses. *See Hamling v. United States*, 418 U.S. 87, 117, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974); *United States v. O'Hagan*, 139 F.3d 641, 651 (8th Cir.1998); *United States v. Wessels*, 12 F.3d 746, 750 (8th Cir.1993), cert. denied, 513 U.S. 831, 115 S.Ct. 105, 130 L.Ed.2d 53 (1994).

The sufficiency of a criminal indictment is determined from its face. *See United States v. Nabors*, 45 F.3d 238, 240 (8th Cir.1995); *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir.1992). Indictments are normally sufficient unless no reasonable construction can be said to charge the offense. *See O'Hagan*, 139 F.3d at 651; *United States v. Fleming*, 8 F.3d 1264, 1265 (8th Cir.1993).   An indictment ordinarily is held sufficient unless it is so defective that by no reasonable construction can it be said to charge the offense for which the defendant was convicted. *United States v. Nabors*, 45 F.3d 238, 239 (8th Cir.1995).

It is generally sufficient that the indictment sets forth the offense in the words of the statute itself, so long as those words fully, directly, and expressly, without uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. *Hamling* v. United States, 418 U.S. at 117; *Nabors*, 45 F.3d at 239.

Federal Rules of Criminal Procedure 7(c), requires that an indictment "shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." Although the language of the statute may be used in the general

2

description of an offense, it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged. *Russell v. United States*, 369 U.S. 749, 765 (1962).

An indictment's sufficiency must be grounded in the Fifth and Sixth Amendments to the Constitution. *Russell*, 369 U.S. at 760. The Fifth Amendment's guarantee of the right to indictment by a grand jury and its double jeopardy bar along with the Sixth Amendment's guarantee that a defendant be informed of the charges against him establish two minimum requirements for an indictment. The indictment must adequately apprise a defendant of the charge against him so that he can prepare his defense, and it must establish a record that shows when the defense of double jeopardy may be available to the defendant in the event future proceedings are brought against him. Id. at 363–64. In this case, the indictment does not meet these minimal constitutional standards.

Ordinarily, it is proper for an indictment to be drawn in the language of the statute, but following the generic wording of a statute is not necessarily sufficient. Where guilt depends so crucially upon a specific identification of fact, an indictment must do more than simply repeat the language of the criminal statute. "It is an elementary principle of criminal pleading, that where the definition of an offense, whether it be at common law or by statute, 'includes generic terms, it is not sufficient that the indictment shall charge the offence in the same generic terms as in the definition; but it must state the species, it must descend to particulars. "

*United States v. Cruikshank*, 92 U.S. 542, 558 (1875). An indictment not framed to apprise the defendant "with reasonable certainty, of the nature of the accusation against him ... is defective, although it may follow the language of the statute." *United States v. Simmons*, 96 U.S. 360, 362 (1877). "[T]hese basic principles of fundamental fairness retain their full vitality under modern concepts of pleading, and specifically under Rule 7(c) of the Federal Rules of Criminal Procedure." *Russell*, 369 U.S. at 765.

## ARGUMENT

Judged against the foregoing standards, Count I fails.  Count I is not a plain, concise, and definite written statement of the essential facts constituting the offense charged.  Count I does not include a statement of the facts and circumstances as will inform the accused of the specific offense, coming under the general description, with which he is charged. " . . . to wit: Victim 1" does not suffice.  From Count I, the Defendant cannot determine what specific sexual activity the prosecution says he attempted.  He cannot determine or evaluate his ability to contest the legal basis upon which the prosecution says it wuld have been unlawful.  Without knowing what sexual activity he is charged with attempting, he is unable to prepare to contest the allegations or challenge whether he ever voluntarily and intentionally carried out some act which was a substantial step toward the intended unlawful sexual activity. Count I fails in Rule 7 and constitutional threshold sufficiency.

While Count I allows the Defendant to conclude that the prosecution believes that §2242(b) is somehow implicated, it leaves much unanswered.  It does not fairly inform the defendant of the substance of the charge against which he must defend.  The essential facts of what the Defendant attempted to do and what makes it cognizable of

4

criminal prosecution are unstated. At best, Count I is written in the generic but devoid of the essential particulars. Count I states only that the Defendant somehow attempted to entice a minor to engage in some unstated sexual activity that somehow could have been a crime but the failure to be more specific renders Count I insufficient on its face.

## CONCLUSION

Count I should be dismissed.

RICKY E. BENNETT, Defendant,


By___/s/ *Jeffrey L. Thomas*_____
   **JEFFREY L. THOMAS**
   **First Assistant Federal Public Defender**
   222 South 15th Street, Suite 300N
   Omaha, NE 68102
   (402) 221-7896
   fax: (402) 221-7884
   e-mail: jeff_thomas@fd.org