IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 8:22CR169 |
| Plaintiff, | |
| vs. | GOVERNMENT'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS |
| RICKY E. BENNETT, | |
| Defendant. | |

COMES NOW, Kelli L. Ceraolo, Assistant United States Attorney, on behalf of the United States of America, and states the following in opposition to Defendant Ricky E. Bennett's motion to dismiss, Doc. #27, and brief in support, Doc. #28:

Defendant asks this Court to dismiss Count I, suggesting that it is facially insufficient. The Government asserts that a Superseding Indictment has rendered Defendant's motion moot and alternatively asserts that Defendant was properly charged and Defendant's motion should be denied.

**Procedural Background**

Count I of the original Indictment charged that between on or about July 20, 2021, and November 3, 2021, in the District of Nebraska, Defendant used a facility and means of interstate commerce to knowingly attempt to persuade, induce, and entice an individual who had not attained the age of 18 years to engage in sexual activity for which the defendant could be charged with a criminal offense, to wit: Victim 1, in violation of Title 18, United States Code, Section 2422(b). Count I of the Superseding Indictment filed on November 15, 2022, charges that between on or about July 20, 2021, and November 3, 2021, in the District of Nebraska, Defendant used a facility and means of interstate commerce to knowingly attempt to persuade,

induce, and entice an individual who had not attained the age of 18 years to engage in sexual activity for which the defendant could be charged with a criminal offense, namely sexual assault of a child in violation of Neb. Rev. Stat. § 28-319.01[1] and Neb. Rev. Stat. § 28-320.01, in violation of Title 18, United States Code, Section 2422(b).

### Argument

In his motion and accompanying brief, Defendant argues that this Court should dismiss Count I because it is facially and constitutionally insufficient. Specifically, Defendant argues Count I is insufficient because it fails to state an offense and lacks specificity. (Doc. #27).

First, the Government asserts that Defendant's Motion has been rendered moot by the filing of the Superseding Indictment. The Superseding Indictment resolves both of Defendant's concerns because it alleges that the sexual activity for which Defendant could have been charged with a crime was sexual assault of a child in violation of Nebraska criminal law. (Doc. #31.) Accordingly, the court should deny Defendant's Motion.

Alternatively, the Government asserts that the language of Count I in both the original Indictment and Superseding Indictment was and is sufficient because it fairly informs Defendant of the charge he must defend and provides sufficient specificity. Therefore, Defendant's Motion to dismiss should be denied.

The Eighth Circuit has repeatedly held that

---

[1] There is, as it turns out, a typographical error in the Superseding Indictment, alleging that the sexual assault of a child would be in violation of "Neb. Rev. Stat. § 18-319.01" where it should have read "Neb. Rev. Stat. § 28-319.01." This typographical error in a citation is not a basis to dismiss the count. *See* Fed. R. Crim. Pro. 7(c)(1). The Government may move to amend the Superseding Indictment to correct the typographical error, but notes that even if the reference to Neb. Rev. Stat. § 18-319.01 was removed as surplusage, the Superseding Indictment would still put Defendant on notice of the crime he is alleged to have committed as the Superseding Indictment specifies he could have been charged with sexual assault of a child and also includes a statute that would have been violated by such conduct, namely Neb. Rev. Stat. § 28-320.01.

> [A]n indictment adequately states an offense if "it contains all of the essential elements of the offense charged, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. An indictment will ordinarily be held sufficient unless it is so defective that it cannot be said, by any reasonable construction, to charge the offense for which the defendant was convicted."

*United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008) (quoting *United States v. Hernandez,* 299 F.3d 984, 992 (8th Cir.2002)). "An indictment is normally sufficient if its language tracks the statutory language. *Sewell*, 513 F.3d at 821 (citing *Hamling v. United States,* 418 U.S. 87, 117 (1974)).

> The true test of the sufficiency of an indictment is not whether it could have been made more definite and certain, but whether it contains the elements of the offense intended to be charged, "and sufficiently apprises the defendant of what he must be prepared to meet, and, in case any other proceedings are taken against him for a similar offense, whether the record shows with accuracy to what extent he may plead a former acquittal or conviction.'"

*Hagner v. United States*, 285 U.S. 427, 431 (1932) (quoting *Cochran and Sayre v. United States*, 157 U. S. 286, 290 (1895); *Rosen v. United States*, 161 U. S. 29, 34 (1896)).

In order to be convicted of a violation of 18 U.S.C. § 2422(b), the Government must prove the following elements:

> *One*, the defendant knowingly used a means or facility of interstate commerce;

> *Two*, the defendant did so intending to persuade, induce, entice, or coerce an individual to engage in illegal sexual activity; and

> *Three*, the defendant believed that such individual was less than eighteen (18) years of age.

*See United States v. Young*, 613 F.3d 735, 742 (8th Cir. 2010). Although Defendant appears to concede that Count I of the original Indictment tracked the language of the statute and contained all of the essential elements, Defendant argues that the Government's failure to specify the sexual activity attempted and the basis for which it was unlawful deprives Defendant of his

ability to prepare his defense and defend against double jeopardy in the future. It does not appear (based on the lack of case law cited in Defendant's brief and research conducted by the undersigned) that any federal appellate court has ever found an indictment charging a violation of 18 U.S.C. § 2422(b) to be insufficient for failing to allege the specific sexual activity or criminal offense that would be violated. In *United States v. Berk,* 652 F.3d 132, 138 (1st Cir. 2011), the First Circuit noted, "We have never held that identifying a specific criminal offense is a requirement in a section 2422 indictment." Ultimately the First Circuit did not reach the question of whether such specificity was required in *Berk* because it held that the defendant had not been prejudiced by the failure to specify a criminal offense. *Id.* at 138–39. In its opinion, the First Circuit did provide an overview of other circuit law also touching upon, but ultimately not reaching the issue:

> *United States v. Brand,* 467 F.3d 179, 182 (2d Cir. 2006) (noting that indictment stated that illegal sexual activity was intended to take place in New York, but not identifying applicable state statute or whether its inclusion was required); *United States v. Hicks,* 457 F.3d 838, 840 n. 2 (8th Cir. 2006) (noting that indictment listed Missouri criminal statutes, but not indicating whether the listing was required); *United States v. Bolen,* 136 Fed. App'x. 325, 329 (11th Cir. 2005) (finding indictment was sufficient where it specifically alleged child molestation without indicating whether said specification was required); *United States v. Meek,* 366 F.3d 705, 711, n. 5 (9th Cir. 2004) (noting the particular California criminal statute that would have been violated, but not indicating whether it was included in indictment or whether it was required to be).

*Berk,* 652 F.3d at 138. The First Circuit also noted that it and other circuits had "not mentioned the particulars of the criminal offense when describing the elements of a section 2422(b) violation." *Id.* (citing *United States v. Gravenhorst,* 190 Fed. App'x. 1, 3 (1st Cir. 2006); *United States v. Cochran,* 534 F.3d 631, 633 (7th Cir. 2008); *United States v. Thomas,* 410 F.3d 1235, 1245 (10th Cir. 2005); *Brand,* 467 F.3d at 201–02; *Meek,* 366 F.3d at 718." This Court should find that 18 U.S.C. § 2422(b) sets forth all of the elements of the offense "fully, directly, and expressly,

4

without any uncertainty or ambiguity" and therefore an indictment tracking the language of the statute provides a defendant with sufficient notice. *See Hamling*, 418 U.S. at 117.

In this case, the original Indictment tracking the language of 18 U.S.C. 2422(b), with the added inclusion of the date range and location of the violation was legally sufficient to put Defendant on notice of the charges against him and allow him to defend against double jeopardy in the future. The Superseding Indictment also provides notice that the sexual activity would have constituted sexual assault of a minor under Nebraska law. Accordingly, both Indictments were legally sufficient to put Defendant on notice of the charge against him.

Additionally, the victim's identity (there is only one involved in this case), her statements regarding the enticement, and the electronic communications between Defendant and the victim have all been provided to Defendant in discovery. The nature of the conversations with the minor victim has also been discussed fairly extensively at hearings on the record in this case. As such, it is difficult to imagine what additional information Defendant could need to prepare, but if the Defendant truly believed he would have difficulty defending the charge or making a future defense of double jeopardy, he could address those concerns by asking this Court to direct the Government to file a bill of particulars pursuant to Rule 7(f).

### Conclusion

For the aforementioned reasons, the Government's original and Superseding Indictments properly charged Defendant, any claimed error has been rendered moot by the filing of a Superseding Indictment, and any error that did or does exist can be remedied through the filing of a bill of particulars without the need for dismissal. As such, the Government respectfully requests that Defendant's motion to dismiss be denied.

Submitted this 17th day of November, 2022.

UNITED STATES OF AMERICA, Plaintiff

STEVEN A. RUSSELL
Acting United States Attorney
District of Nebraska

By:    *s/ Kelli L. Ceraolo*
       KELLI L. CERAOLO, MN #0398049
       Assistant U.S. Attorney
       1620 Dodge Street, Ste. 1400
       Omaha, Nebraska  68102
       Tel: (402) 661-3700
       Fax: (402) 661-3084
       E-mail:  kelli.ceraolo@usdoj.gov


## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants.

*s/ Kelli L. Ceraolo*
Assistant U.S. Attorney

6