IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,

Plaintiff,

vs.

RICKY E. BENNETT,

Defendant.

8:22CR169

GOVERNMENT'S MEMORANDUM
OF LAW REGARDING RULE 414

COMES NOW, Kelli L. Ceraolo, Assistant United States Attorney, on behalf of the United States of America, and provides this memorandum of law in support of Government's Motion *in Limine* (Doc. #90) and in response to the question raised at the evidentiary hearing on December 18, 2023, regarding whether the crime of child enticement in violation of 18 U.S.C. §2422(b) constitutes child molestation under Federal Rule of Evidence 414.

**Rules 414 and 413**

Under Federal Rule of Evidence 414(a), in a criminal case in which defendant is accused of child molestation, the Court may admit evidence that Defendant committed any other child molestation, and the evidence may be considered on any matter to which it is relevant. "Child molestation" is defined under Rule 414(d) to include any conduct prohibited by 18 U.S.C. chapter 109A or 110, contact between Defendant's body and a child's genitals, or contact between Defendant's genitals and a child's body, as well as an attempt or conspiracy to engage in such contact.

Rule 414 has a "sister" rule, Federal Rule of Evidence 413, which permits introduction of evidence of a prior sexual assault in any case in which the defendant is accused of sexual assault. Rule 413 uses nearly identical language to Rule 414 except for addressing "sexual assault"

instead of "child molestation." Sexual assault, under Rule 414(d), includes nonconsensual contact between defendant's body and another person's genitals or anus or nonconsensual contact between defendant's genitals or anus and another person's body. The definition of sexual assault in 414(d) also includes offenses under 18 U.S.C. chapter 109A, which includes criminal offenses for engaging in a sexual act with a person under the age of 12 (18 U.S.C. §2241(c)) or sexual contact with a person under the age of 12 (18 U.S.C. § 2244(a)(5)).

Notably, both Rule 413 and 414 use either "involved" or "involving" to suggest a broad interpretation of the crimes and/or conduct that fit within the applicable definition, including conduct broader than the specific offense charged. *See United States v. Blazek,* 431 F.3d 1104, 1109 (8th Cir. 2005) ("Rule 413 does not require that the defendant be charged with a chapter 109A offense, only that the instant offense involve conduct proscribed by chapter 109A."). Additionally, both rules include within their definition "an attempt or conspiracy to engage in conduct described." An attempt is an intent to commit a crime combined with a substantial step toward the crime. *See* Eighth Circuit Model Jury Instructions 6.18.2422B n. 4; 6.21.846B. Conspiracy is an agreement between two or more people to commit a crime. *See* Eighth Circuit Model Jury Instruction 6.21.846A; *Iannelli v. United States*, 420 U.S. 770, 777, 95 S. Ct. 1284, 1289, 43 L. Ed. 2d 616 (1975) ("Conspiracy is an inchoate offense, the essence of which is an agreement to commit an unlawful act.").

Rules 413 and 414 therefore combine to create a different, broader standard for admissibility and use of prior "bad acts" evidence in criminal cases involving sexual assault and child molestation. These rules were designed to "supersede in sex offense cases the restrictive aspects of Federal Rule of Evidence 404(b)" and to create a presumption that evidence admissible under these rules "is typically relevant and probative, and that its probative value is

2

normally not outweighed by any risk of prejudice or other adverse effects." 140 Cong. Rec.

H8968-01, H8991–H8992 (daily ed, Aug. 21, 1994) (remarks by principal House sponsor, Rep.

Molinari). The legislative sponsors noted:

> The practical effect of the new rules is to put evidence of uncharged offenses in sexual assault and child molestation cases on the same footing as other types of relevant evidence that are not subject to a special exclusionary rule. *The presumption is in favor of admission*. The underlying legislative judgment is that the evidence admissible pursuant to the proposed rules is typically relevant and probative, and that its probative value is normally not outweighed by any risk of prejudice or other adverse effects.
> In line with this judgment, the rules do not impose arbitrary or artificial restrictions on the admissibility of evidence. Evidence of offenses for which the defendant has not previously been prosecuted or convicted will be admissible, as well as evidence of prior convictions. *No time limit is imposed on the uncharged offenses* . . . as a practical matter, evidence of other sex offenses by the defendant is often probative and properly admitted, notwithstanding substantial lapses of time in relation to the charged offense or offenses.

140 Cong. Rec. H8992 (1994) (Statements of Rep. Molinari and Senator Dole) (emphasis

supplied); *see also* 137 Cong. Rec. S3212, S338-3242 (1991); Karp, 70 Chi.-Kent L. Rev. at 19;

*Schaffer*, 851 F.3d at 178.

### Prior Acts Evidence and Mann Act Violations

Defendant Ricky Bennett is charged in Count I with attempting to entice a child to

engage in sexual activity in violation of Title 18, United States Code, Section 2422(b) and in

Count II with possession of and accessing with intent to view child pornography, in violation of

Title 18, United States Code, Sections 2252(a)(4)(B). Defendant does not appear to dispute that

possession of and accessing with intent to view child pornography constitutes child molestation

under Rule 414(d) because it is a crime prohibited under Chapter 110 of the United States Code.

This Court should find the conduct alleged in Count I of this case also constitutes sexual assault

as defined in Rule 413(d) and child molestation as defined in Rule 414(d).

The conduct in this case involves online enticement of an 11-year-old child to engage in

sexual activity. Special sex acts discussed include oral sex, but intercourse is also heavily

implied. As previously asserted by the Government, any enticement of a child to engage in contact that would constitute sexual assault of a child under Nebraska law is an attempt to commit child molestation. The conduct at issue in this case also constitutes an attempt to engage in acts that would constitute a violation of Chapter 110 if subject to federal jurisdiction. As previously argued, the conclusion that child enticement is an attempted sexual assault of a child is supported by the Eighth Circuit Pattern Criminal Jury Instructions, which include the following inclusion to the elements instruction on Count I when the charge is an attempt:

> It is not necessary for the government to prove that the individual was actually persuaded, induced, or enticed to engage in sexual contact, but it is necessary for the government to prove that the defendant **intended to engage in sexual contact** with the individual and knowingly and willfully **took some action that was a substantial step toward bringing about or engaging in sexual contact**.[1]

The Government would also note child enticement, by its elements, constitutes a defendant persuading a child to engage in sexual contact—in another words, a conspiracy to engage in child molestation.

In *United States v. Brooks*, 723 F. App'x 671, 681-82 (11th Cir. 2018), the Eleventh Circuit considered whether attempted enticement under 18 U.S.C. § 2422(b) constitutes child molestation under Rule 414 and found that it did. In considering whether to apply the categorical approach, as has been suggested by Defendant in the case at hand, the *Brooks* court cited to a Seventh Circuit decision declining to apply the categorical approach in consideration of Rule 413. *Id.* (citing *United States v. Foley*, 740 F.3d 1079 (7th Cir. 2014)). The Government also

---

[1] As previously noted, the Government asserts this instruction is legally incorrect but maintains its argument that even correctly stated elements for the offense of child enticement demonstrate an intent to sexually assault a minor and a substantial step (that is the electronic communications constituting enticement or coercion) toward committing that offense. *See United States v. Berg*, 640 F.3d 239, 250–52 (7th Cir. 2011); *United States v. Brand*, 467 F.3d 179, 202 (2d Cir. 2006), *abrogated by United States v. Cabrera,* 13 F.4th 140 (2d Cir. 2021).

attaches to this memorandum a District Court order from the Northern District of New York which finds that prior-act evidence is admissible under Rules 413 and 414 in a trial concerning a violation of 18 U.S.C. § 2422(b) and specifically rejects the argument that child enticement does not constitute child molestation and sexual assault.

Additionally, the Government finds cases addressing Rule 413 to be instructive and applicable. Every circuit that has addressed the application of Rule 413 in regards to offenses under 18 U.S.C. § 2422 and 18 U.S.C. § 2423—an almost identical statute that is also part of the Mann Act, which proscribes traveling with intent to engage in sexual acts with a minor—has found the offenses to fall within the Rule 413's purview. *See United States v. Rogers*, 587 F.3d 816, 820 (7th Cir. 2009) (finding that "attempt to entice a minor to engage in sexual activity" was a "sexual assault" under Rule 413); *United States v. Hitt*, 473 F.3d 146, 159 (5th Cir. 2006) (finding evidence admissible under Rule 413 where the defendant was charged under 18 U.S.C. § 2422 and 2423); *United States v. Blazek*, 431 F.3d 1104, 1108-09 (8th Cir. 2005) (finding that offenses charged under 18 U.S.C. § 2423(b) are "sexual assaults" for the purpose of Rule 413); *United States v. Batton*, 602 F.3d 1191, 1197 (10th Cir. 2010) (finding 18 U.S.C. § 2423(b) offense to be a sexual assault under Rule 413 and noting that the sexual activity did not have to be completed for it to fit the definition); *United States v. Regalado*, 844 F. App'x 29, 32 (10th Cir. 2021) (finding Rule 414 applicable at a trial that included a charge for violating 18 U.S.C. §2422 and rejecting argument that it was overly prejudicial as to additional count of possessing a false identification document in violation of 18 U.S.C. §1546); *United States v. Schaffer*, No. 12-CR-430 ARR, 2014 WL 1515799, at *10 (E.D.N.Y. Apr. 18, 2014), aff'd, 851 F.3d 166 (2d Cir. 2017) (finding evidence admissible under Rule 413 in a trial for violations of 18 U.S.C. §2422 and noting that the analysis would also apply to Rule 414 had that been an asserted basis for

admission); *United States v. Meacham*, 115 F.3d 1488, 1495 (10th Cir. 1997) (affirming admission of evidence that defendant had molested his stepdaughters more than thirty years prior under Rules 404(b) and/or 414 at trial for a violation of 18 U.S.C. §2423).

## Conclusion

For the reasons stated above, the Government asserts that A.E.'s testimony will be relevant under Federal Rules of Evidence 413 and 414 in addition to Rule 404(b).

Submitted this 19th day of December, 2023.

UNITED STATES OF AMERICA, Plaintiff

SUSAN T. LEHR
Acting United States Attorney
District of Nebraska

By:    *s/ Kelli L. Ceraolo*
KELLI L. CERAOLO, MN #0398049
Assistant U.S. Attorney
1620 Dodge Street, Ste. 1400
Omaha, Nebraska  68102
Tel: (402) 661-3700
Fax: (402) 661-3084
E-mail:  kelli.ceraolo@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all registered participants.

*s/ Kelli L. Ceraolo*
Assistant U.S. Attorney