UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

         -v-                  3:21-CR-396

CHARLES WAGER,

          Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| HON. CARLA B. FREEDMAN<br>United States Attorney for the<br>   Northern District of New York<br>100 South Clinton Street, Suite 900<br>Syracuse, NY 13261 | BENJAMIN S. CLARK, ESQ.<br>Ass't United States Attorney |
| HON. LISA PEEBLES<br>Federal Public Defender for the<br>   Northern District of New York<br>4 Clinton Square, 3rd Floor<br>Syracuse, NY 13202 | JOHN GILSENAN, ESQ.<br>Ass't Federal Public Defender |

DAVID N. HURD
United States District Judge

## ORDER ON MOTION IN LIMINE

## I. INTRODUCTION

    This case is set for a jury trial on Monday, January 30, 2023 at 9:30 a.m.

in Utica, New York.  The United States of America (the "Government") has

moved *in limine* for a ruling on the admissibility of evidence it intends to

proffer during its case-in-chief. Dkt. No. 56. Defendant Charles Wager ("Wager" or "defendant") has opposed. Dkt. No. 61. The motion was fully briefed. Dkt. Nos. 63, 67. Oral argument was heard on November 17, 2022 in Utica, New York. Decision was reserved.

## II. BACKGROUND

The background and procedural history is set forth in the October 4, 2022 Order denying Wager's motion to suppress his *Mirandized* statements to law enforcement. Dkt. No. 60. The parties' familiarity with the October 4 Order is assumed for the purpose of analyzing the Government's motion *in limine.*

Briefly stated, however, Wager is a registered sex offender. In January of 2021, he used the internet to contact an undercover agent who was posing as both a mother ("Haley") and her ten-year-old daughter ("Kylie"). After a chat with "Haley," defendant planned a sexual encounter with "Kylie" in which he would pose as an estranged family member named "Uncle Lexx."

On February 5, 2021, Wager drove from his home outside Albany to an apartment in Binghamton where he'd arranged to meet "Haley" and engage in sexual contact with "Kylie." Defendant was arrested by law enforcement and transported to the FBI Field Office in Binghamton, where he waived his *Miranda* rights and made a series of admissions against his penal interest.

On November 12, 2021, a grand jury returned a two-count indictment against Wager. Dkt. No. 22. In Count One, defendant is charged with using

a facility and means of interstate commerce to attempt to knowingly persuade, induce, and entice a minor to engage in criminal sexual activity in violation of 18 U.S.C. § 2422(b). In Count Two, defendant is charged with committing a felony offense involving a minor while being a person required to register as a sex offender in violation of 18 U.S.C. § 2260A.

## III. **LEGAL STANDARD**

A party may seek a ruling on the admissibility of certain anticipated evidence by filing a motion *in limine*.[1] *Walker v. Schult*, 365 F. Supp. 3d 266, 275 (N.D.N.Y. 2019) (explaining the "term is used in the broad sense to refer to any motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered").

"Evidence should be excluded on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds." *Walker*, 365 F. Supp. 3d at 275 (cleaned up). "The movant has the burden of establishing that the evidence is not admissible for any purpose." *Id.* "The trial judge may reserve judgment on a motion *in limine* until trial to ensure the motion is considered in the proper factual context." *Id.* Finally, "[t]he court's ruling regarding a motion *in limine* is subject to change when the case unfolds." *Id.*

---

[1] A party may also move *in limine* for a ruling on the permissibility at trial of an anticipated line of argument. 3 Moore's Federal Practice § 16.77(4)(d)(ii).

- 3 -

## IV.  **DISCUSSION**

The Government intends to proffer evidence Wager: (1) sexually abused other minors; and (2) possessed images of child pornography at the time of his arrest.  Gov't Mem., Dkt. No. 56 at 3.[2]  The Government argues that this prior-act evidence is admissible in its case-in-chief because defendant has placed in issue his intent; *i.e.*, defendant has forecasted that he will argue he was engaged in consensual role-play with "Haley," the mother, and did not intend anything sexual vis-à-vis "Kylie," the daughter.  *Id.* at 9.

Specifically, the Government contends this evidence is admissible under Rules 413 and 414 of the Federal Rules of Evidence, which permit the use of prior-act evidence for any relevant purpose in cases of "sexual assault" or "child molestation."  Gov't Mem. at 14–20.  Alternatively, the Government argues that this evidence is admissible under Rule 404(b), which permits the use of prior-act evidence for any purpose other than propensity.  *Id.* at 20–24.

In opposition, Wager argues this evidence does not meet the definition of "sexual assault" or "child molestation" necessary to warrant admission under Rules 413 or 414.  Def.'s Opp'n, Dkt. No. 61 at 4–9.  Defendant argues that this evidence is also irrelevant because neither of the two offenses charged in the indictment require proof of an intent to engage in unlawful sexual contact

---

[2]  Pagination corresponds with CM/ECF.

with a minor.  *Id*. at 9–10.  Even assuming that this evidence is otherwise found to be admissible, defendant argues it should nevertheless be excluded because of its inherently inflammatory nature.  *Id*. at 10–11.

The parties' briefing focuses on Count One.  To obtain a conviction under 18 U.S.C. § 2422(b), the Government must prove the defendant: (1) used a facility of interstate commerce; (2) to attempt to knowingly persuade, induce, or entice; (3) an individual who is younger than eighteen years old; (4) to engage in sexual activity of a criminal nature.  *United States v. Brand*, 467 F.3d 179, 201–02 (2d Cir. 2006), *abrogated on other grounds by United States v. Cabrera*, 13 F.4th 140, 146 (2d Cir. 2021).

## 1. <u>Other Sexual Assaults</u>[3]

The Government seeks to introduce evidence that Wager has previously sexually abused two minor females: "C.R.," his biological daughter, whom he abused on multiple occasions when she was fifteen years old; and "O.S.," his former sister-in-law, who in 1995 reported to police that he abused her multiple times "over the course of about six years."  Gov't Mem. at 7–9.  In 2002, defendant pleaded guilty to third-degree rape in state court as a result of his sexual contact with C.R.  *Id*.  But defendant was never charged as a

---

[3] Initially, the Government also sought to offer testimony from "L.W.," defendant's ex-wife, with whom he began a sexual relationship when she was fourteen years old.  However, at oral argument the Government represented that it no longer intends to do so.

- 5 -

result of his alleged sexual contact with O.S. *Id.* In particular, the Government seeks to offer:

> (1) testimony and recordings of admissions to law enforcement that Wager made about these victims after his arrest on the current federal charges;
>
> (2) text messages between defendant and "Haley," the fictional mother, in which defendant refers to his prior sexual abuse of C.R.;
>
> (3) portions of a February 4, 2021 telephone call between defendant and "Haley" in which he refers to his prior sexual abuse of C.R.;
>
> (4) written statements made by defendant to law enforcement in 2001 and in 2021 regarding his prior sexual abuse of C.R.;
>
> (5) a certified copy of the 2002 judgment of conviction arising from defendant's plea of guilty to third-degree rape based on his sexual contact with C.R.;
>
> (6) the minutes of the change-of-plea hearing related to that 2002 conviction; and
>
> (7) testimony from O.S. about how defendant sexually abused her.

Gov't Mem. at 14.[4]

The Government argues that all of this prior-act evidence is admissible under Rule 413 of the Federal Rules of Evidence because an attempt to entice a minor to engage criminal sexual activity qualifies as a "sexual assault" as

---

[4] The Government does not intend to call C.R. as a witness.

- 6 -

that term is defined in Rule 413. Gov't Mem. at 14–16. The Government argues that evidence of Wager's abuse of O.S. is independently admissible under Rule 414 because the § 2422(b) charge in Count One also qualifies as "child molestation" as that term is defined in Rule 414. *Id.* at 16–17.

In support of these two assertions, the Government details how Wager's attempt to entice "Kylie" to engage in criminal sexual activity qualifies as "sexual assault" and/or "child molestation"; *i.e.*, defendant sought to engage in contact between "any part" of his body and that of another person's "genitals or anus," with an individual he believed to be ten years old and who therefore, by definition, could not consent. Gov't Mem. at 14–16 (citing FED. R. EVID. 413(d) and FED. R. EVID. 414(d)(2)).

The Federal Rules of Evidence restrict the use of prior-act evidence in criminal prosecutions. Under Rule 404, evidence of "any other crime, wrong, or act" is inadmissible to prove a defendant's propensity to commit a charged offense.[5] FED. R. EVID. 404(b)(1). Importantly, however, the baseline rules in "[s]exual assault and child molestation cases are different." *United States v. Vickers*, 708 F. App'x 732, 736 (2d Cir. 2017) (summary order).

---

[5] Propensity evidence refers to evidence of prior bad acts that "a prosecutor uses for the purpose of suggesting that because the defendant is a person of criminal character, it is more probable that he committed the crime for which he is on trial." *United States v. Schaffer*, 851 F.3d 166, 17 7 n.53 (2d Cir. 2017) (cleaned up).

Congress broadened the admissibility of prior-act evidence in sex-crimes cases by enacting Rules 413, 414, and 415 of the Federal Rules of Evidence as part of the Violent Crime Control and Law Enforcement Act of 1994. *United States v. Larson*, 112 F.3d 600, 604 (2d Cir. 1997). These three Rules operate as exceptions to Rule 404(b)'s general ban on the use of propensity evidence.

In criminal cases involving "sexual assault" or "child molestation," Rules 413 and 414 provide that "the court may admit evidence that the defendant committed any other sexual assault" or "any other child molestation" and instruct that this "evidence may be considered on any matter to which it is relevant." FED. R. EVID. 413(a) (assault); FED R. EVID. 414(a) (molestation).

In other words, "Rules 413 and 414 permit evidence of prior acts of sexual assault or child molestation to prove a defendant's propensity to commit such acts." *Vickers*, 708 F. App'x at 736; *Schaffer*, 851 F.3d at 177–78 (explaining that "a prosecutor may use evidence of prior sexual assaults [or prior child molestations] precisely to show that a defendant has a pattern or propensity for committing" those crimes).

Measured against this body of law, the Government's motion *in limine* must be granted. As an initial matter, Wager contends the § 2422(b) charge does not qualify as "sexual assault" or "child molestation" under Rules 413 or 414. Def.'s Mem. at 3–9, 12–14. In support of this contention, defendant

- 8 -

argues that a "categorical approach," rather than a fact-based one, should be applied to determine whether § 2422(b) satisfies either definition. *Id.*

This argument must be rejected. The "categorical approach" identified by Wager is a framework used by sentencing courts to decide if a crime qualifies for an enhancement under the Armed Career Criminal Act. *See, e.g.*, *United States v. Davis*, 139 S. Ct. 2319, 2326 (2019). Under this approach, "the facts of a given case are irrelevant." *Borden v. United States*, 141 S. Ct. 1817, 1822 (2021). Instead, sentencing judges must disregard how a defendant actually committed a crime in favor of imagining an idealized "ordinary case" of the crime based on a review of the statutory elements. *Davis*, 139 S. Ct. at 2326.

Wager has not offered a compelling reason to import this "categorical approach" into an analysis of the definitions of "sexual assault" (in Rule 413) or "child molestation" (in Rule 414). In fact, at least two circuits have already expressly rejected this "categorical" argument. *United States v. Foley*, 740 F.3d 1079, 1087 (7th Cir. 2014) (Rule 413); *United States v. Brooks*, 723 F. App'x 671, 681 (11th Cir. 2018) (unpublished) (Rule 414).

As the Seventh Circuit explained in *Foley*, "[t]he focus of the Federal Rules of Evidence is on facts, and the policy rationale for Rule 413 is that a person who has engaged in the covered conduct is likely to engage in it again." 740 F.3d at 1087. "Rule 413 uses statutory definitions to designate the covered

conduct, but the focus is on the conduct itself rather than how the charges have been drafted." *Id.*

Other courts have relied on the Seventh Circuit's reasoning to conclude that a "categorical approach" does not apply to Rules 413 and 414. *United States v. Ahmed*, 2022 WL 782024, at *5 (N.D. Iowa Mar. 14, 2022) (collecting cases in which courts have "focused on offense conduct when determining Rule 413's applicability"); *Boyce v. Weber*, 2021 WL 2821154, at *9 (S.D.N.Y. July 7, 2021) (relying on *Foley* to adopt same approach to Rule 413's civil analogue); *Brooks*, 723 F. App'x at 681 (holding that *Foley*'s reasoning applies "with equal force to Rule 414").

Importantly, courts have also held that prior-act evidence in § 2422(b) prosecutions is admissible under Rules 413 and 414. For instance, in *United States v. Schaffer*, 2014 WL 1515799 (E.D.N.Y. Apr. 18, 2014), a defendant charged under § 2422(b) challenged the admissibility under Rule 413 of videos seized by law enforcement that depicted him engaged in contact of a sexual nature with two minor children. *Id.* at *5.

After examining the definition of "sexual assault" in Rule 413, the trial court concluded that portions of the videos were admissible because, *inter alia*, "offenses under 18 U.S.C. § 2422 involving the enticement of a minor to engage in illegal sexual activity . . . fall within the realm of crimes involving

- 10 -

nonconsensual sexual contact defined as 'sexual assault.'" *Schaffer*, 2014 WL 1515799, at *10, *aff'd*, 851 F.3d 166, *cert. denied*, 138 S. Ct. 469.

This bottom-line conclusion; *i.e.*, that a charge under § 2422(b) falls "within the realm of crimes involving nonconsensual sexual contact" with a minor that Congress had in mind when drafting Rule 413, seems to be an obvious one. It matches up with the rationale offered in *Foley*. And it lines up with the detailed explanation offered by the Government's brief. Wager has not identified a good reason to hold otherwise. Accordingly, defendant's threshold argument about the "categorical approach" must be rejected.

Next, Wager argues this evidence is irrelevant because the Government "need not prove that [he] sexually abused or attempted to sexually abuse a minor." Def.'s Mem. at 9–10. In defendant's view, enticement "is a crime defined by the nature of specific communications." *Id.* at 9. As defendant's counsel characterized it at oral argument, he is "being charged with making an illegal sales pitch to a prohibited person."

"The underlying criminal conduct that Congress expressly proscribed in passing § 2422(b) is the persuasion, inducement, enticement, or coercion of the minor rather than the sex act itself." *United States v. Douglas*, 626 F.3d 161, 164 (2d Cir. 2010) (quoting *United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004)). Accordingly, a § 2422(b) conviction "requires a finding only

of an attempt to entice or an intent to entice, and not an intent to perform the sexual act following the persuasion." *Brand*, 467 F.3d at 202.

Even so, this argument must be rejected. Although intent to engage in the sexual act itself might not be *necessary* to sustain a conviction, it does not follow that prior assaults involving sexual contact with a minor are therefore *irrelevant* to the issue of intent under § 2422(b). *Schaffer*, 851 F.3d at 182 (observing that evidence of intent to engage in sexual acts is relevant proof in a § 2422(b) prosecution); *United States v. Hitt*, 473 F.3d 146, 159 (5th Cir. 2006) (rejecting defendant's argument that testimony about a prior sexual assault was "irrelevant" to proving a § 2422(b) violation merely because the enticement statute does not require that proof); *United States v. Friedman*, 139 F. App'x 330, 332 (2d Cir. 2005) (summary order) (recognizing same but rejecting evidentiary sufficiency challenge because minor victim testified that "sexual touching did occur"). Accordingly, this argument will be rejected.

Next, Wager argues the prior-act evidence must be excluded under Rule 403 because it is unfairly prejudicial. Def.'s Mem. at 10–12. According to defendant, evidence of the prior sexual assaults is "inherently inflammatory" because "[s]ociety unquestionably reviles sex offenders." *Id*. at 10.

Under Rule 403, a court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or

needlessly presenting cumulative evidence." FED. R. EVID. 403; *Schaffer*, 851 F.3d at 180 (applying Rule 403 to evidence offered under Rule 413).

In determining the probative value of this kind of prior-act evidence, the Second Circuit has instructed courts to consider such factors as:

> (1) the similarity of the prior acts to the charged acts charged; (2) the closeness in time of the prior acts to the charged acts; (3) the frequency of the prior acts; (4) the presence or lack of intervening circumstances; and (5) the necessity of the prior act evidence beyond the testimonies already offered at trial.

*United States v. Spoor*, 904 F.3d 141, 154 (2d Cir. 2018).

In addition to these factors, "[t]he district court should also consider the potential for unfair prejudice, including the possibility that prior act evidence will lead the jury to convict out of passion or bias or because they believe the defendant is a bad person deserving of punishment—a particular risk with this sort of evidence." *Spoor*, 904 F.3d at 154 (cleaned up).

This balancing test weighs in favor of admissibility. To obtain a conviction on the enticement offense charged in Count One, the Government must prove beyond a reasonable doubt that Wager knowingly attempted to persuade, induce, or entice a minor to engage in criminal sexual activity. The Government intends to show defendant attempted to persuade, induce, or entice "Kylie," whom he believed to be ten years old, to engage in sexual activity with him by posing as her estranged relative "Uncle Lexx."

Regardless of whether Wager intends to argue he was engaged in some form of role-play with "Haley," the fictional adult mother, evidence that he previously engaged in sexual contact with other minors by taking advantage of his family relationship to them "is highly probative of the question of his intent" in this prosecution. *Schaffer*, 2014 WL 1515799, at *10.

Other courts have reached similar conclusions when faced with similar prior-act evidence. *Schaffer*, 851 F.3d at 183 (holding evidence of defendant's prior sexual interest in other minor girls "makes it more likely, not less, that he would have a sexual interest" in a minor female victim); *Vickers*, 708 F. App'x at 737 (finding evidence of defendant's "sexual abuse of other victims" by gaining their trust to be admissible under Rules 413 and 414 because it was probative of defendant's "propensity for sexually abusing adolescent boys who were entrusted to his care").

To be sure, the prior acts are somewhat remote in time. Wager pleaded guilty to raping C.R. in 2002, and O.S. reported the alleged abuse to police in 1995. But Rule 403 does not provide "any bright-line rule as to how old is too old." *Larson*, 112 F.3d at 605. In fact, the Second Circuit has noted Congress intended the "temporal scope" of Rules 413 and 414 to be fairly broad. *Id.*

Because the remoteness inquiry "caters principally to the dual concerns for relevance and reliability," the prior-act evidence should be evaluated "on a case-by-case basis to determine whether the significance of the priors acts

- 14 -

has become too attenuated and whether the memories of the witnesses has likely become too frail." *Larson*, 112 F.3d at 605.

The remoteness concerns presented by the Government's evidence are less acute than is often the case with this kind of proof. Much of the evidence relevant to Wager's rape conviction arising from his abuse of C.R. is recorded in written documents generated close in time to the conduct; *i.e.*, in 2001 and 2002. Likewise, testimony from O.S. can be compared in some measure to an account she gave to police in 1995. Other relevant evidence of defendant's abuse of both victims was generated in 2021. This includes text messages and recorded telephone calls with "Haley" as well as admissions defendant made to law enforcement. Accordingly, this argument will be rejected.

Next, Wager argues this evidence is too inflammatory and would prejudice the jury against him. Def.'s Mem. at 10–12. Of course, virtually all relevant evidence is prejudicial in some respect. Consequently, Rule 403 requires evidence to be *unfairly* prejudicial in order to be inadmissible.

As noted *supra*, the prior-act evidence is highly probative of the § 2422(b) offense charged in Count One because it involves a similar pattern of conduct against a similar kind of victim; *i.e.*, defendant's repeated use of family relationships to gain his female victims' trust. *Schaffer*, 851 F.3d at 182–83.

To be sure, this evidence is "highly prejudicial." But it is hard to conclude this evidence is inherently any more inflammatory than the conduct alleged

- 15 -

in Count One.  The jury will hear evidence Wager planned to pose as "Uncle Lexx" in order to facilitate a sexual encounter with "Kylie," a child whom he believed to be ten years old.  Accordingly, this argument will be rejected.

Finally, Wager argues the presentation of this evidence would cause undue delay and waste time.  However, this evidence includes defendant's own admissions, which are independently admissible, and certified copies of public records, which are self-authenticating.  The Government has also represented this evidence would involve limited testimony from, at most, two additional witnesses.[6]  Although cross-examination may turn out to be lengthy, that is not the "undue delay" or "waste of time" with which Rule 403 is concerned.  In sum, the highly probative value of this prior-act evidence is not "substantially outweighed" by the various dangers identified by defendant.  Accordingly, the Government's motion *in limine* must be granted.

## 2. Child Pornography

The Government also seeks to admit evidence of child pornography that was discovered on Wager's cell phone at the time of his arrest on February 5, 2021.  Gov't Mem. at 9.  As the Government explains, agents seized the phone and searched it with a warrant.  *Id.*  They later "discovered approximately 46

---

[6] Perhaps just one, given that the Government does not intend to call C.R. or L.W. as witnesses.

photographs" that "depict prepubescent girls, aged 10–12, posed in a sexually suggestive manner or cropped to focus on [genitalia]." *Id*.

The Government intends to introduce two of these photographs at trial.[7] In opposition, Wager continues to argue that the attempted enticement charge does not qualify as "child molestation" and, in any event, does not require an intent to engage in a sexual act. Def.'s Mem. at 15–16.

Upon review, this evidence is admissible under Rule 414 for substantially the reasons set forth in the Government's memorandum and for the reasons discussed *supra*. In short, this evidence tends to show that Wager has a sexual interest in young minor females. It is therefore highly probative of the Government's contention that defendant was not merely engaged in role-play with "Haley," an adult, but that he in fact attempted to entice "Kylie," a ten year old, to engage in sexual conduct. *Cf. Brand*, 467 F.3d at 198–99.

### 3. **Rule 404(b)**

Even assuming some or all of this prior-act evidence is not admissible under Rules 413 or 414, it would be admissible under Rule 404(b) because it

---

[7] The Government has offered to submit these images for *in camera* review. Dkt. No. 57. This offer is based on *United States v. Cunningham*, 694 F.3d 372 (3d Cir. 2012), which held that as a general matter a trial court "should personally examine challenged evidence before deciding to admit it under Rule 403." *Id*. at 386. *Cunningham* involved videos of child pornography. *Id*. At least one district court in our circuit has undertaken a similar approach to video evidence. *Schaffer*, 851 F.3d at 181 (discussing trial court's *in camera* review). However, the Government has not identified any binding authority in this circuit that requires the same approach, either to video evidence or to photographs. Because the proposed evidence involves photographs rather than video evidence, and because defendant has not claimed that these photographs depict something other than what the Government represents them to be, there is no need to review this evidence *in camera*.

is relevant for various non-propensity purposes.  Under Rule 404(b), evidence of other crimes, wrongs, or acts is admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  FED. R. EVID. 404(b)(2).

The Government's proposed evidence is highly probative of Wager's motive, intent, knowledge, and/or plan—he repeatedly used his status as a family member to secure the trust of a minor female victim in order to engage in unlawful sexual activity with her.  *Vickers*, 708 F. App'x at 737.  As the Government notes, this evidence also goes to the issue of defendant's identity in his electronic communications—the common theme of the text messages (*e.g.*, "Uncle Lexx") and the inclusion of references to defendant's prior sexual abuse of C.R. tend to show it was defendant who sent those communications.[8]

### 4. <u>Severance</u>

As a final matter, Wager has argued elsewhere in his brief that he "has vital testimony to offer in his own defense but would risk prejudice if he were forced to answer questions about previously uncharged acts."  Def.'s Mem. at 11.  In a footnote, defendant represents that he plans to seek severance of the two counts charged in the indictment.  *Id.* at n.4.  In defendant's view, this

---

[8] Admission under Rule 404(b) would require a limiting instruction about propensity.  However, since Rules 413 and 414 endorse the use of this evidence for propensity purposes it is less clear what kind of limiting instruction is required.  *United States v. Regalado*, 844 F. App'x 29, 33 n.2 (10th Cir. 2021) (unpublished) (collecting cases on Rule 414).  Either way, the jury should be cautioned that defendant is not on trial for any act, conduct, or offense not charged in the indictment.

would allow him to testify without the jury hearing that he is required to registered as a sex offender as a result of his 2002 conviction. *Id.*

"If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant . . . , the court may order separate trial of counts, . . . or provide any other relief that justice requires." FED. R. CRIM. P. 14(a). "Even though distinct offenses have been properly joined under Rule 8, the court may order separate trials or grant a severance under Rule 14 if it appears that the defendant is prejudiced by the joinder." *United States v. Sampson*, 385 F.3d 183, 190 (2d Cir. 2004) (quoting *United States v. Werner*, 620 F.2d 922, 928 (2d Cir. 1980)).

For instance, "[p]rejudice may develop when an accused wishes to testify on one but not the other of two joined offenses which are clearly distinct in time, place and evidence." *Sampson*, 385 F.3d at 191 (quoting *Cross v. United States*, 335 F.2d 987, 989 (D.C. Cir. 1964)). However, "[i]n order to prevail, the defendant must show not simply some prejudice but *substantial* prejudice." *Id.* at 190 (emphasis in original) (citation omitted).

No motion for severance has yet been filed. But it is hard to see how severance would be warranted. The two offenses charged in the indictment do not seem to be "clearly distinct in time, place, and evidence." Wager is charged with committing an offense in Count One; *i.e.*, attempted enticement

of a minor, while contemporaneously laboring under a prohibited legal status in Count Two; *i.e.*, being a person required to register as a sex offender.

It is not clear why trying these two offenses together would deny Wager his right to a fair trial. That is especially so where, as here, other courts have rejected severance under similar circumstances. *United States v. Slaughter*, 708 F.3d 1208, 1213 (11th Cir. 2013) (affirming refusal to bifurcate trial on charges under § 2422(b) and § 2260A); *United States v. Davidson*, 802 F. App'x 482, 484 (11th Cir. 2020) (unpublished) (same).

## V. **CONCLUSION**

The Government has established that the prior-act evidence is admissible in its case-in-chief under Rules 413 and 414.

Therefore, it is

ORDERED that

1. The Government's motion *in limine* is GRANTED.

IT IS SO ORDERED.

Dated: January 4, 2023
        Utica, New York.

David N. Hurd
U.S. District Judge

- 20 -